## In re HORTON.
### Patent Appeals Nos. 2827, 2828.

Court of Customs and Patent Appeals.
April 4, 1932.

J. Bernhard Thiess and A. Arnold Brand, both of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

In these consolidated cases appellant has filed a petition for rehearing, requesting that

"certain questions be remanded to the patent office for finding thereupon."

In our original opinion it was pointed out that, when the claims are given a broad interpretation, the disclosures of the Sachs patents clearly anticipate them.

Appellant insists that a construction of claims had in certain interference proceedings, referred to and discussed in said original opinion, is binding in the present ex parte proceeding, and that under said con-struction the Sachs patents do not constitute a proper reference against him.

In said original opinion we recited certain questions upon which the tribunals of the Patent Office had not passed, but upon which it would be necessary for the court to pass if we should attempt to follow appellant's theory of the case, and we then stated: "It does not appear to us to be within our authority to review and determine material technical questions of structure upon which the ex parte tribunals of the patent office have made no finding."

The writer of the original opinion and of this supplemental statement is quite willing frankly to concede that the phraseology of the foregoing quoted paragraph was not as happily chosen as might have been, and that, standing alone, it might be misleading, but, when taken in connection with the full text of the opinion, it is believed that no room exists for any very serious misunderstanding.

However, our meaning may be better expressed by saying that it does not appear to be within our authority to review and determine technical questions of structure involved in patents which are not references in the case, and upon which the tribunals of the Patent Office made no findings in the ex parte proceeding.

As we view the case, there was no necessity for the tribunals of the Patent Office, nor for this court, to pass upon the issue raised in the interference controversies in connection with the issues at bar. The patents and applications which were involved there are not here involved. All this is stated in our original opinion, and the statement of the Examiner clearly shows that the claims of the applications which are involved, when broadly interpreted, are anticipated by the references cited.

We are unable to agree that the case should be remanded.

The petition for rehearing is denied.